# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHARLES ACERO, | CASE NO. 1:10-cv-01308-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | (Doc. 4) |
| GEORGIA THOMATOS, et al., | |
| Defendants. | |

Plaintiff Steven Charles Acero ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 22, 2010, Plaintiff filed a motion requesting preliminary injunctive relief. (Doc. #4.) Plaintiff's request for preliminary injunctive relief is more properly construed as a request for a temporary restraining order because the defendants in this action have not been served or appeared in this action and have not otherwise received notice of Plaintiff's motion. See Federal Rule of Civil Procedure 65.

Plaintiff requests that the Court issue a preliminary injunction "as to an effective pain medication, an M.R.I. and a consutation[sic] with a neurologist." (Mot. for Declatory[sic] and Preliminary/Permanent Relief 2:10-12, ECF No. 4.) Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #9.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

The Court will deny Plaintiff's motion. Plaintiff has failed to set forth sufficient evidence to support the extraordinary remedy of a preliminary injunction. Plaintiff has not submitted any documentary evidence from a doctor or medical professional regarding the appropriate treatment for Plaintiff's condition. Nor has Plaintiff identified the treatment he seeks. Plaintiff vaguely requests "effective pain medication" without identifying any specific medication that would be effective. Plaintiff fails to persuasively explain why he is likely to suffer irreparable harm if he does not receive an MRI or a consultation with a neurologist. Further, Plaintiff has failed to set forth any argument regarding whether he is likely to succeed on the merits of this action, whether the balance of equities tips in his favor, or whether an injunction is in the public's interest.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's July 22, 2010 motion for preliminary injunctive relief is DENIED.

IT IS SO ORDERED.

**Dated:   February 4, 2011**              **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE