# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHARLES ACERO, | CASE NO. 1:10-cv-01308-SMS PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| GEORGIA THOMATOS, et al., | (ECF No. 1) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, REQUEST FOR ENTRY OF DEFAULT, AND MOTION FOR DEFAULT JUDGMENT |
| | (ECF Nos. 12, 13, 14) |
| / | THIRTY DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Steven Charles Acero ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on July 22, 2010. (ECF No. 1.) On March 18, 2011, Plaintiff filed a motion for a temporary restraining order. (ECF No. 12.) Plaintiff filed a request for entry of default on April 27, 2011, and a motion for default judgment on June 16, 2011. (ECF Nos. 13, 14.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.      Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the Sierra Conservation Center ("SCC"). Plaintiff brings this action against Defendants Georgia Thomatos, Edwin Banji, Jack St. Clair, Robert Folsom, and Curtis Allen alleging deliberate indifference to a serious medical need. (Compl. 2-3, ECF No. 1.)[1] Plaintiff was diagnosed with spinal injuries and suffers from severe neck and back pain. (Id. at 3, 8.)

Plaintiff was seen by Defendant Thomatos and requested a referral to a neurologist and an MRI. Defendant Thomatos told Plaintiff that his request for a referral was not going to happen. (Id. at 8.) Plaintiff requested pain medication and Defendant Thomatos refused, instead prescribing a

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

"psyc./sezuire" medication which was not effective in treating his pain. (Id. at 8.) Plaintiff appealed the decision and received a response from Defendant St. Clair stating, "At your current weight you are a poor candidate for surgery." Defendant Banji ordered physical therapy instead of a neurological consult. (Id. at 9.)

Plaintiff attended physical therapy, and Defendant Folsom manipulated Plaintiff's spine. The manipulation of Plaintiff's spine hurt so he told Defendant Folsom to stop and did not allow him to manipulate him again. Plaintiff is being treated with a TENS unit and was placed on Indomethacin which is not effective as he is still experiencing extreme pain. Since completing physical therapy, which Defendant Allen, approved Plaintiff's condition is worse. (Id.)

Plaintiff fell as he was coming down from an upper bunk and alleges that Defendant Thomatos was negligent because she should have initiated a lower bunk chrono. Afer Plaintiff was injured during the fall, Defendant Thomatos told Plaintiff that a lower bunk chrono for sixty days would be sufficient for him to recover from the injuries he sustained. (Id. at 10.) Plaintiff was offered to change his medication to one to which Plaintiff alleges he is allergic. (Id. at 11.)

Plaintiff is seeking compensatory damages and injunctive relief. For the reasons set forth below Plaintiff fails to state a cognizable claim for a violation of his constitutional rights.

**III.     Deliberate Indifference**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could

3

make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### A. Defendant Thomatos

Plaintiff alleges that Defendant Thomatos was deliberately indifferent to his medical needs by stating he would not receive his referral for a neurological consultation and prescribing a nerve medication rather than a pain medication. In general the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to plaintiff. However where exhibits are attached to the complaint, Court is not limited to the allegations contained in the complaint, and can consider the exhibits. Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Where the allegations in the complaint are refuted by the exhibits, the Court need not accept the allegations as true. Sprewell v. Golden State Warriors, 266 F3d 979, 987 (9th Cir. 2001); Roth, 942 F.2d at 625 n.1.

While Plaintiff alleges that Defendant Thomas refused to proscribe pain medication, the exhibits attached to Plaintiff's complaint demonstrate that Defendant Thomatos was not deliberately indifferent to Plaintiff's medical condition. Plaintiff was first seen by Defendant Thomatos on December 23, 2009, approximately one month after transferring to SCC. She prescribed valproic acid (Depakote) and advised Plaintiff that it would take approximately six weeks to determine if any type of seizure medication used to treat nerve pain would be effective. Additionally, Defendant Thomatos advised Plaintiff that her goal was to decrease the amount of pain he was experiencing and that she did not believe that all pain could be eliminated. (Comp. at 20.) The fact that Defendant Thomatos attempted to treat Plaintiff's medical condition with a seizure medication, rather than a pain medication does not demonstrate deliberate indifference.

Additionally, when Plaintiff saw Defendant Thomatos for a follow-up appointment on January 28, 2010, Defendant Thomatos examined Plaintiff and changed his medication to Indomethacin. Plaintiff was informed that he was being referred for physical therapy, and advised his weight was high and he needed to lose weight. Plaintiff was authorized for physical therapy on February 2, 2010, and was to be scheduled for a followup appointment at the end of March or beginning of April. (Id. at 25.) In Plaintiff's appeal he stated that the Indomethacin was effective

1  for treating his pain for two weeks and then stopped working. (Id. at 15.)

2  Additionally, Plaintiff claim that Defendant Thomatos was negligent because she should have
3  issued a medical chrono due to his back pain fails to state a cognizable claim. An allegation by a
4  prisoner that a physician has been negligent or has committed medical malpractice in diagnosing or
5  treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories,
6  622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057.

7  Nor does the fact that Defendant Thomatos issued a medical chrono for only sixty days after
8  Plaintiff fell state a claim. Defendant Thomatos told Plaintiff that sixty days should be sufficient
9  time for his injury from the fall to heal.

10  Plaintiff has failed to state a plausible claim that Defendant Thomatos was deliberately
11  indifferent to his serious medical needs. Iqbal, 129 S. Ct. at 1949. Plaintiff was prescribed
12  medication and referred to physical therapy. Plaintiff was not referred to a specialist because it was
13  determined by his physician that it was not medically necessary. After Plaintiff fell and injured his
14  back, Defendant Thomatos issued him a medical chrono for a lower bunk for sixty days. The fact
15  that Plaintiff had a difference of opinion with prison medical authorities as to proper treatment does
16  not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v.
17  Craven, 433 F.2d 873, 874 (9th Cir. 1970).

18  **B.     Defendant Banji**

19  Defendant Bangi evaluated Plaintiff in regards to his medical appeal. Defendant Bangi
20  determined that an MRI and referral to neurologist were not medically necessary and referred
21  Plaintiff to physical therapy. Defendant Bangi offered to change Plaintiff's medication to Naproxen,
22  to which Plaintiff alleges he is allergic. (Compl. 20-21.)

23  Although Plaintiff's alleges that Defendant Bangi was deliberately indifferent because he
24  referred Plaintiff to physical therapy rather than sending him for a neurological consult, the facts
25  demonstrate a difference of opinion between Plaintiff and his medical providers as to the treatment
26  he should receive for his medical condition. This difference of opinion is insufficient to state a
27  cognizable claim. Franklin, 662 F.2d at 1355; Mayfield 433 F.2d at 874.

28  ///

### C. Defendant St. Clair

Plaintiff's allegations against Defendant St. Clair also fail to state a cognizable claim. Defendant St. Clair reviewed Plaintiff's appeal at the second level. Following a review of the medical documentation, Defendant St. Clair determined that there was no medical reason to obtain an MRI and that Plaintiff's condition would be more effectively treated by physical therapy and weight loss. Additionally, Defendant St. Clair found that a neurological consultation was not necessary prior to weight loss and physical therapy, and that Plaintiff was a poor candidate for surgery at his current weight. (Compl. 24.) Plaintiff's complaint merely states a difference of opinion between him and his medical providers regarding treatment. Franklin, 662 F.2d at 1355; Mayfield 433 F.2d at 874.

### D. Defendant Allen

Plaintiff alleges that Defendant Allen was deliberately indifferent by approving the request for physical therapy. The factual allegation that Defendant Allen approved the treatment recommended by Defendant Bangi is insufficient to state a plausible claim for deliberate indifference. Iqbal, 129 S. Ct. at 1949.

### E. Defendant Folsom

Finally, Plaintiff claims that Defendant Folsom manipulated his spine during physical therapy causing Plaintiff pain and Plaintiff told him to stop. Plaintiff alleges that Defendant Folsom caused his condition to worsen. At the most, Plaintiff's allegations would amount to medical malpractice, which "does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see Broughton, 622 F.2d at 460; Toguchi, 391 F.3d at 1057.

## IV. Motion for Temporary Restraining Order

For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's complaint is being dismissed with leave to amend. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any injunctive relief. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969. Plaintiff's motion for a temporary restraining order is denied.

**V.     Entry of Default and Default Judgment**

In this case, the United States Marshal will be directed to initiate service of process on Plaintiff's behalf when the Court has determined that Plaintiff's complaint states cognizable claims for relief and service is appropriate. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). The Court is dismissing Plaintiff's complaint for failure to state any cognizable claims. Plaintiff's request for entry of default and motion for default judgment are denied as premature.

**VI.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the

duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 22, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Plaintiff's motion for a temporary restraining order, filed March 18, 2011, is DENIED for lack of jurisdiction;
4. Plaintiff's request for entry of default, filed April 27, 2011, is DENIED as premature;
5. Plaintiff's motion for default judgment, filed June 16, 2011, is DENIED as premature;
6. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
7. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   October 3, 2011**               /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE

8